## R. D. Brown *v.* W. J. Stubblefield's Admr.

[Abstract Kentucky Law Reporter, Vol. 4—351.]

**Estoppel of Town Trustees.**

Where town trustees and citizens of the town generally petitioned the legislature for authority to sell a public street to a college for educational purposes, in 1850, and the college erected valuable buildings thereon after purchasing it, whether such sale was valid or not, the college having made such improvements and held exclusive possession thereof since 1850, is secure in its title as against the town, and is estopped from questioning such title.

### APPEAL FROM CALLOWAY CIRCUIT COURT.

October 21, 1882.

OPINION BY JUDGE PRYOR:

It is not necessary to determine the constitutional question involved in this case. The proof shows that since the year 1850 the trustees of the town of Murray have surrendered all claim to the street in question by selling under the legislative power conferred by the Act of 1849, that part of the street in controversy to the trustees of the male and female institutes in that town for educational purposes. The building known as the Institute was erected in this street so as to obstruct it, except a small portion of it that was used as a passway for the benefit of the college. The extent of the boundary sold the trustees is clearly defined and they entered upon it as early as the year 1850. The party in whom was vested the legal title at that time failed to make any conveyance and in 1860 or 1870 another act of the legislature was obtained at the instance of the citizens of the town authorizing the sale and conveyance by the trustees. The trustees then executed a deed and with them Cord and wife, in whom was vested the legal title at the date of the original act, united. The trustees having entered and taken possession as early as 1850, paying the purchase-money, the vendors or the successors of those who sold the street can not after such a lapse of time, a period of more than 20 years, recover in an ejectment for want of power in them to make the sale. If this had been an open street with no enclosure and the trustees had entered under a claim hostile to the town, they would only hold to the extent of the enclosure actually made; but here the

trustees of the Institute entered, under a purchase from the trustees of the town, and after a possession by them of 20 years or greatly more than 15 years, it is attempted to be maintained that the trustees of the town can recover because they were not invested with the authority to sell. Stubblefield, the appellee here, or his heirs, purchased a part of this street of the college trustees, paid them for it and a deed was made to him by the trustees of the town. Although he accepted the deed from the town he entered under the trustees of the college, and in order to perfect his title obtained the conveyance from the trustees and from Cord and wife. His vendee, the appellant here, entered and erected his buildings or parts of them within the street, and the defense as to the recovery of the purchase-money is that the town authorities had no right to sell. The citizens of the town of Murray in conjunction with the trustees not only acquiesced in the making of these improvements in the street but they, the trustees and citizens, petitioned the legislature for authority to sell the street, and the possession and the sale has always been regarded, by reason of the erecting upon it by the trustees of the college and the sale, as being exclusively with the trustees until the sale to Stubblefield. The town authorities have asserted no claim, nor has the portion of the street in controversy been used or appropriated to the use of the town in any way since the sale in 1850, and it is now too late for the trustees of the town to make any claim to this part of the street, nor is there any pretense that they have or will undertake to disregard the sale made by them under the Act of 1849. Nor are we to be understood as adjudging that the trustees of a town by legislative authority can not, for educational purposes, donate or sell a part of its streets or alleys for college buildings, but in this case both the trustees and citizens petition for the sale, and whether valid or not the possession and claim since 1850 secures the college in its title and possession as against the trustees of the town. *Alves' Exrs. v. Town of Henderson,* 16 B. Mon. (Ky.) 131.

T. P. Cook, L. Anderson, for appellant.

Crossland & Crossland, for appellee.